IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.

05 JUL 18 PM 5: 04

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | No. 05-20177 Ma |
| TYREE TILLMAN, ) | |
| Defendant. ) | |

ORDER DENYING DEFENDANT'S MOTIONS FOR A BILL OF PARTICULARS AND
FOR SEVERANCE AND A SEPARATE TRIAL

Defendant Tyree Tillman ("Tillman") was indicted with five other co-defendants and alleged co-conspirators. The Indictment alleges that all six co-defendants conspired to possess with the intent to distribute a controlled substance in violation of 21 U.S.C. § 846. The indictment also alleges that one of Tillman's co-defendants, Charles L. Price, possessed with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). Before the court is Tillman's "Motion for Bill of Particulars," filed on June 23, 2005. Also before the court is Tillman's "Motion of Defendant Tyree Tillman [for] Severance and Separate Trial," also filed on June 23, 2005. The United States filed a consolidated response to both motions on June 27, 2005. For the following reasons, Defendant's motions are DENIED.

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on ___7-20-05___

109

# I. Motion for a Bill of Particulars

Tillman contends that he is entitled to a Bill of Particulars because the indictment fails to allege a specific overt act or acts and simply "raises the language of the statute allegedly violated." (Def.'s Mem. in Supp. at 1.) Tillman's indictment reads, in pertinent part:

> Beginning at a time unknown to the Grand Jury, but at least from in or about June 2004, through at least the date of this indictment, in the Western District of Tennessee and elsewhere, the defendants, Charles L. Price, Elishah Moody, Tyree Tillman, Tavaris Boothe, Corey Williams, and Harvey Louis Boyland did unlawfully, knowingly and intentionally conspire, combine, confederate and agree with each other and with other persons both known and unknown to the Grand Jury, to possess with the intent to distribute and to distribute in excess of 5 kilograms of a mixture and substance containing a detectable amount of cocaine . . . in violation of Title 21 United States Code, Section 846.

(Indictment, Count 1.)

The Sixth Amendment requires "that the indictment inform the defendant of the nature and cause of the accusation." United States v. Piccolo, 723 F.2d 1234, 1238 (6th Cir. 1983) (internal quotes and citations omitted). That requirement is satisfied if the indictment "contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet," Russell v. United States, 369 U.S. 749, 763-64 (1962).

Count 1 contains the elements of the offense charged and gives Tillman sufficient notice of what he must be prepared to meet at

2

trial. Count 1 alleges a conspiracy to violate a particular statutory provision. It is sufficient that it only alleges, as acts in furtherance of the conspiracy, the statutory violations themselves. See United States v. Branan, 457 F.2d 1062, 1064 (6th Cir. 1972)(holding that a "reference to a specific section of the statutes [is] sufficient to meet the test that the indictment must sufficiently apprise the defendant of what he must be prepared to meet...")(citing United States v. Debrow, 346 U.S. 374, 378 (1953)). That no more specific act or acts are alleged does not undermine the notice function of the indictment because "the government is not limited to overt acts pleaded in the indictment in proving a conspiracy, but may show other acts of conspirators occurring during its life. . . ." United States v. Morgenstern, 842 F.2d 333 (Table), 1988 WL 24210, at *8 (6th Cir.), cert. denied, 488 U.S. 855 (1988).

"The purpose of a bill of particulars is not to enable a defendant to obtain detailed disclosure of the government's evidence or theories prior to trial. Rather, the bill of particulars serves to provide specification of the evidence upon which the government intends to rely in proving the offenses charged in the indictment." United States v. Gioiosa, 924 F.2d 1059 (Table), 1991 WL 15149, at *3 (6th Cir. 1991)(citing United States v. Pandilidis, 524 F.2d 644, 647 (6th Cir. 1975)). Count 1 of the indictment puts Tillman on notice that the government will offer

3

evidence to prove that an agreement existed among the named defendants to commit the cited crimes. The indictment sufficiently limits the government's theory of criminality and the scope of the evidence it may introduce. See Gioiosa, 1991 WL 15149, at *3 (citing Russell, 369 U.S. at 768). Therefore, the court denies Tillman's motion to compel the United States to submit a bill of particulars.

## II. Motion For Severance and Separate Trial

Tillman moves to sever his trial from the trial of the other five co-defendants because his defense will be prejudiced if a separate trial is not granted. (Def.'s Mem. in Supp. of Mot. for Severance at 1.) Tillman alleges 5 sources of prejudice: 1) the jury will have difficulty keeping evidence for or against each of the six co-defendants in Count 1 of the Indictment separate; 2) the jury will be more likely to convict Tillman on Count 1 if it hears evidence on Count 2, which names Charles L. Price alone; 3) the defenses that the various co-defendants will raise are "mutually antagonistic" and irreconcilable; 4) the jury will hear evidence that is admissible against the co-defendants but is inadmissible against Tillman; and 5) because one or more of Tillman's co-defendants have made statements that inculpate him, trying the cases together will deprive Tillman of his right to confrontation under the Sixth Amendment and his right against self-incrimination under the Fifth Amendment. (Id. at 2-3.)

4

Motions for severance are governed by Rule 14(a) of the Federal Rules of Criminal Procedure. It provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Cr. P. 14(a). "There is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993). Joint trials "promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" Id. (quoting Richardson v. Marsh, 481 U.S. 200, 209 (1987)). "[I]t is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." Id. at 540.

Generally, persons indicted together in a conspiracy case should be tried together. United States v. Smith, 197 F.3d 225, 230 (6th Cir. 1999). "In order to escape the general rule, the defendant must carry the heavy burden of showing specific and compelling prejudice resulting from a joint trial which can be rectified only by separate trials." Id. (citations omitted). Further, "[t]he fact that each defendant attempts to lay the blame at the feet of the other defendants is not reason enough for a severance without a showing that the jury is unable to treat evidence applicable to each defendant distinctively." Id.

5

Tillman's concern that the jury will have difficulty keeping evidence for or against each of the six co-defendants in Count 1 of the Indictment separate does not mandate severance. Tillman has not identified "specific and compelling" prejudice that is likely to result from the joint trial. See Smith, 197 F.3d at 230. To the extent that any jury confusion is possible, it can be addressed by appropriate jury instructions. See Zafiro, 506 U.S. at 540-41 (noting that, even where there is some risk of prejudice, it may be curable with proper instructions); United States v. Welch, 97 F.3d 142, 147 (6th Cir. 1996) ("juries are presumed capable of sorting evidence and separately considering each count and each defendant").

Tillman's second contention is that a jury will be more likely to convict him on Count 1 if it hears evidence against Price on Count 2. This argument is based on the spillover effect by which juries may be influenced by the evidence against one defendant on charges which are not identical to the charges against a co-defendant. United States v. Elder, 90 F.3d 1110, 1119-20 (6th Cir. 1996). Such risk is heightened where the evidence would be inadmissible against one defendant, the case is complex, or the degrees of culpability are markedly different. Zafiro, 506 U.S. at 539. This problem can often be resolved through the judicious use of limiting instructions to the jury. See id.; United States v. Jones, 578 F.2d 1332, 1336 (10th Cir. 1978). Tillman has not

6

presented any specific examples showing that jury instructions cannot prevent prejudice that might result from trying Tillman at the same time as Price.

Tillman's conclusory statement that he and his co-defendants have "mutually antagonistic or irreconciable [sic] defenses" does not provide a basis on which to sever his trial. Although there are circumstances in which the existence of mutually antagonistic defenses can demonstrate prejudice, "[m]utually antagonistic defenses are not prejudicial per se." Zafiro, 506 U.S. at 538. Tillman states that his co-defendants plan to raise the defense of entrapment, but does not specify the prejudice that might arise as a result. Thus, his motion and accompanying memorandum do not demonstrate the "specific and compelling" prejudice required for severance. See Smith, 197 F.3d at 230.

Tillman's claim that he will be prejudiced because the jury will hear evidence that is admissible against his co-defendants but is inadmissible against Tillman does not mandate severance because Tillman has not identified any actual evidence that would be inadmissible against him but will be admitted at trial. Without any specific examples, Tillman has not met his burden of showing "specific and compelling" prejudice required by severance.

Finally, Tillman's claim that trying the defendants together will deprive Tillman of his right to confrontation under the Sixth Amendment and his right against self-incrimination under the Fifth

7

Amendment does not provide a basis to grant severance. Tillman's argument that he will be deprived of his Fifth and Sixth Amendment rights rests on the vague claim that he "believes that one or more of his co-defendants have made statements that are inculpatory toward [him]." This conclusory statement does not carry Tillman's burden of showing "specific and compelling" prejudice.[1] Consequently, the court denies Tillman's motion for severance and a separate trial.

### III. Conclusion

For the foregoing reasons, the court DENIES Defendant's "Motion for Bill of Particulars" and "Motion of Defendant Tyree Tillman [for] Severance and Separate Trial."

So ORDERED this 18th day of July 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

---

[1] The statement also does not explain how the fact that his co-defendants have made "inculpatory" statements about him necessarily means that his Fifth and Sixth Amendment rights will be compromised if his trial is not severed.

8

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 109 in case 2:05-CR-20177 was distributed by fax, mail, or direct printing on July 20, 2005 to the parties listed.

---

Thomas A. Colthurst
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Handel R. Durham
DURHAM & ASSOCIATES
100 North Main St.
Ste. 2601
Memphis, TN 38103

Tony L. Axam
LAW OFFICE OF TONY L. AXAM
1280 W. Peachtree St.
Ste. 310
Atlanta, GA 30309

Benard Weinman
LAW OFFICE OF BENARD WEINMAN
275 Jefferson Ave
Memphis, TN 38103

Arthur C Walton
LAW OFFICE OF ARTHUR C WALTON
906 South Cooper St
Ste 102
Memphis, TN 38104

Samuel L. Perkins
SL PERKINS LAW GROUP, PLLC
147 Jefferson Ave.
Ste. 804
Memphis, TN 38103

Marvin E. Ballin
BALLIN BALLIN & FISHMAN
200 Jefferson Ave.
Ste. 1250
Memphis, TN 38103

Randall W. Pierce
WAMPLER & PIERCE
P.O. Box 3410
Memphis, TN 38173--041

Honorable Samuel Mays
US DISTRICT COURT